UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

The Escape Room North LLC,
8890 East 116th St.
Suite 210
Fishers, IN 46038,

        Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

        Defendants.

Civil Action No. 1:22-CV-00123

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff The Escape Room North LLC ("Escape Room North"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Escape Room North, a small business located in Fishers, Indiana that produces and manages live performances, and theatrical productions by actors and performers, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Escape Room North's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on Escape Room North, forcing it to temporarily shut its doors until it subsequently reopened, but with significant restrictions. As a result of losing its primary source of revenue (ticket sales), Escape Room North experienced a significant loss of its revenue in 2020 as compared to 2019. Escape Room North needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Escape Room North recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Escape Room North demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Escape Room North's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it

presents federal questions under the APA.

7.      Venue lies in this district under 28 U.S.C. § 1391(e)(1) because *inter alia*, Plaintiff resides in this district, the location of most of the witnesses reside in this district, the location of the events occurred substantially in this district, and the SBA has a regional office in Indianapolis, Indiana. The conditions precedent to suit, namely, administrative complaints and the attempt to secure administrative remedies, occurred in or around Indianapolis, Indiana as well. When conditions precedent require exhaustion of administrative remedies, pursuing those remedies is a substantial part of the events or omissions giving rise to the claim, because had the administrative remedies yielded a favorable result, litigation would not have occurred.

8.      This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      Plaintiff The Escape Room North LLC is a small business that produces and manages live performances by actors and performers. Founded in 2016, Escape Room North has already become a staple and essential part of the Fishers community, hosting audiences of all ages for its variety of performances. Children, families, and friends flock to Escape Room North to purchase tickets to enjoy its creative and immersive performances, which include lighting and sound effects and elaborate and detailed set designs such as its titanic room and castle set.

10.     Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

11.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A. Shuttered Venue Operators Grant Program

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,250,000,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was

4

fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces, manages, or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

19. The Act specifies that for a live venue operator (as well as a live venue promoter, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.    Escape Room North's SVOG Application and the SBA's Denial**

20. On or about August 19, 2021, Escape Room North applied for a SVOG award of $425,541.27.

21. In its application, Escape Room North demonstrated that it satisfied the criteria for eligibility. Escape Room North demonstrated that its losses in 2020 exceeded the 25% statutory

threshold by submitting its federal tax returns for 2019 and 2020. Escape Room North also submitted, among other things, business records reflecting payments to performers and ticket sales, and floor plans depicting audience and performance areas along with placement of its audio systems. Escape Room North additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22. Escape Room North learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Escape Room North ineligible.

23. On October 3, 2021, Escape Room North submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Escape Room North's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator. Escape Room North explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operator.

24. On November 11, 2021, the SBA notified Escape Room North by email that its appeal was denied. As with the denial of Escape Room North's application, the SBA gave no reason for denying the appeal.

25. The SBA's denial of Escape Room North's appeal is the agency's final decision.

**CLAIMS FOR RELIEF**

26. The courts recognize a strong presumption favoring judicial review of administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

31. Escape Room North realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Escape Room North's application, nor did it provide any reason when it denied Escape Room North's appeal.

33. Indeed, the SBA's decision on Escape Room North's application conflicts with the evidence of Escape Room North's eligibility that it presented to SBA in its application and in its appeal.

34. The SBA further erred by treating Escape Room North disparately from similarly situated businesses that were granted SVOG awards. Specifically, upon information and belief, the SBA approved the SVOG applications of other escape rooms and other venues similar to Escape Room North. These entities hire the performers and staff for the same functions as Escape Room North and also host similar events.

35. For each of these reasons, the SBA's denial of Escape Room North's SVOG award request is arbitrary and capricious.

### COUNT II - AGENCY ACTION CONTRARY TO LAW

36. Escape Room North realleges and incorporates by reference each of the preceding

paragraphs and allegations.

37. Escape Room North meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

38. The SBA's denial of Escape Room North's SVOG award request therefore violated the Act and is contrary to law.

### COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

39. Escape Room North realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. The SBA's denial of Escape Room North's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Escape Room North's application and appeal presented evidence that demonstrates Escape Room North is eligible for a SVOG award.

41. The SBA's denial of Escape Room North's SVOG award request is thus unsupported by substantial evidence.

### PRAYER FOR RELIEF

For the foregoing reasons, Escape Room North respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Escape Room North SVOG award request.

2. Preliminarily and permanently order Defendants to consider Escape Room North's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Escape Room North SVOG funds in an amount for which congress intended.

4. Preliminarily and permanently order Defendants to grant Escape Room North SVOG funds in an amount for which congress intended.

5. Preliminarily and permanently order Defendants to retain appropriations from the

Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiff its costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: January 14, 2022                    Respectfully submitted,

/s/ Daniel Sheroff
Daniel Sheroff
Indiana Bar No. 32146-53
ALERDING CASTOR LLP
47 South Pennsylvania Street
Suite 700
Indianapolis, IN 46204
(317) 829-1910
*Counsel for Plaintiff, The Escape Room North LLC*