**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| THE ESCAPE ROOM NORTH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00123 |
| | ) |
| SMALL BUSINESS ADMINISTRATION | ) |
| and ISABELLA CASILLAS GUZMAN, | ) |
| Administrator, Small Business Administrator, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, The Escape Room North LLC, by counsel, hereby submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment, and states the following in support:

[remainder of page intentionally left blank]

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1
STATUTORY BACKGROUND ............................................................................................ 1
STATEMENT OF FACTS ...................................................................................................... 2
ARGUMENT ........................................................................................................................... 4
   I.   Legal Standards ............................................................................................................ 4
   II.   The SBA's Decision is Arbitrary and Capricious ........................................................ 4
      a.   The SBA Treated Escape Room Disparately from Similarly Situated Competitors ....... 4
      b.   Because The Escape Room North Demonstrated Eligibility for a SVOG Award, the SBA's Denial is not Supported by Substantial Evidence ........................................................ 6
CONCLUSION ........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Corp. v. FCC*, 86 F.3d 242 (D.C. Cir. 1996) ....................................................................... 4
*Bracco Diagnostics, Inc. v. Shalala*, 963 F.Supp. 20 (D.D.C.1997) ............................................. 4
*Burlington N. &Santa Fe Ry. Co. v. Surface Transp. Bd.*, 403 F.3d 771 (D.C. Cir. 2005) ............ 4
*Doubleday Broad. Co. v. FCC*, 655 F.2d 417 (D.C.Cir.1981) ....................................................... 5
*Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918 (D.C.Cir.1982) .................................................... 5
*Henry v. Sec'y of Treasury*, 266 F. Supp. 3d 80 (D.D.C. 2017) .................................................... 4
*Kreis v. Sec'y of Air Force*, 406 F.3d 684 (D.C. Cir. 2005) ......................................................... 4
*Policy & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*, 313 F. Supp. 3d 62 (D.D.C. 2018) . 4
*Rodriguez v. U.S. Dep't of Homeland Sec.*, No. 13-22771-CIV, 2014 WL 1404704 (S.D. Fla. Apr. 10, 2014) ........................................................................................................................... 5

**Statutes**

15 U.S.C. § 9009a ........................................................................................................................... 1
15 U.S.C. § 9009a(a)(1)(A) ............................................................................................................ 1
15 U.S.C. § 9009a(a)(1)(A)(iii) ...................................................................................................... 2
15 U.S.C. § 9009a(a)(3)(A)(i) ..................................................................................................... 2, 6
15 U.S.C. § 9009a(c) ....................................................................................................................... 1
5 U.S.C. § 706 ................................................................................................................................. 4

## INTRODUCTION

This is an action for review of a final decision of the Small Business Administration ("SBA"), denying a Shuttered Venue Operator Grant ("SVOG") award to Escape Room North LLC ("Escape Room North"), a small business that hosts live events. The SBA's final decision denying Escape Room North's Application for an SVOG award does not comply with the Administrative Procedure Act. Importantly, the SBA disregarded the fundamental requirement of administrative procedure that an agency must treat like cases alike. The Agency granted the SVOG applications of five other escape rooms—entities that employ the same form of live entertainment—without explanation of why those businesses were deemed eligible when Escape Room North was not. The SBA also misconstrued information Escape Room North provided, and ignored information that demonstrated Escape Room North's eligibility. The SBA's denial of Escape Room North's request for SVOG funds should be declared invalid and set aside as arbitrary and capricious, and not supported by substantial evidence in the record.

## STATUTORY BACKGROUND

The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. *Id*. at § 9009a(c). Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. *Id*. at § 9009a(a)(1)(A). In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including,

inter alia, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to the same quarter in 2019, and has reopened or intends to reopen. *Id.*

The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces, manages, or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i). The Act specifies that for a live venue operator (as well as a live venue promoter, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

## STATEMENT OF MATERIAL FACTS

On August 19, 2021, Escape Room North applied for a SVOG award of $425,541.27. Dkt 27-3, AR00003. In its application, Escape Room North submitted documentation demonstrating its eligibility as a live venue operator. *Id.* at AR00380-00392, AR00463-00482. Escape Room North later learned from the SBA's portal that its application was denied. *Id.* at AR00017-00018. The SBA's denial did not explain why Escape Room North was ineligible. *Id.*

On October 3, 2021, Escape Room North submitted an administrative appeal of the denial to the SBA. Escape Room North's appeal elaborated on why it satisfies all of the criteria for

eligibility as a live venue operator. *Id*. at AR00019-00379 ("Appeals Invitation" folder containing the information Escape Room North provided for its appeal). On November 11, 2021, the SBA notified Escape Room North by email that its appeal was denied. *Id*. at AR00017. The SBA identified only boilerplate reasons 10 and 11 for the denial. *Id*.

On January 14, 2022, Escape Room North filed this action for judicial review of the denial of its request for an SVOG Award. On March 22, 2022, the SBA informed Escape Room North, via email, that it was rescinding its final decision, dated November 11, 2021, on Escape Room North's SVOG application, and that it would re-issue a new decision based upon review of the administrative record. *Id*. at AR00571, On June 1, 2022, the SBA issued its final agency decision denying Escape Room North's SVOG application. *Id*. at AR00572-00576. The SBA concluded that Escape Room North was ineligible because it did not meet the principal business activity standard as a live performing arts organization operator. *Id*. However, the SBA has approved SVOG applications of multiple entities that, like Escape Room North, provide an escape room event. According to The Recipients of the Shuttered Venue Operators Grant dataset maintained by the SBA,[1] five other escape rooms received SVOG awards. Escape Artistry LLC,[2] Two Trees Escape,[3] Cine Escapes LLC,[4] Fever Dreams LLC DBA Olde City Escape Games,[5] and Locurio

---

[1] *See* https://data.sba.gov/dataset/svog (U.S. Small Business Administration website providing the Recipients of the Shuttered Venue Operators Grant dataset).

[2] The SBA awarded $54,133 and $89,407 to Escape Artistry LLC and Escape Artistry II. Escape Artistry LLC and Escape Artistry II, LLC are "dedicated to producing immersive, imaginative, and innovative room escape games." https://escape-artistry.com (last visited September 6, 2022).

[3] The SBA awarded $46,739 to Two Trees Escape. Two Trees Escape is an escape room provider that describes its service as "a physical adventure game where players solve a series of puzzles and riddles by gathering clues, hints, and hidden objects in order to solve an objective in a limited amount of time. Usually, in under 60 minutes." https://www.twotreesescaperoom.com/contact (last visited September 6, 2022).

[4] The SBA awarded $78,488 to Cine Escapes LLC. Cine Escapes LLC provides "a completely and totally immersive Escape Room adventure from your first step." https://www.cine-escapes.com/ (last visited September 6, 2022).

[5] The SBA awarded $59,535 to Fever Dreams LLC DBA Olde City Escape Games. Fever Dreams LLC DBA Olde City Escape Games was "VOTED BEST ESCAPE ROOM IN PHILADELPHIA." https://www.oldecityescapegames.com/ (last visited September 6, 2022).

3

LLC[6] are each escape room providers that received SVOG awards. (Exhibit A.)

## ARGUMENT

### I.     Legal Standards

On a Rule 56 summary judgment motion in an APA case like this, "the reviewing court generally ... reviews the [agency's] decision as an appellate court addressing issues of law." *Policy & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*, 313 F. Supp. 3d 62, 74 (D.D.C. 2018) (quoting *Henry v. Sec'y of Treasury*, 266 F. Supp. 3d 80, 86 (D.D.C. 2017). The APA requires a reviewing court to set aside the Secretary's decision if it is contrary to the statute, arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 706. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," taking into account "whatever in the record fairly detracts from its weight." *AT&T Corp. v. FCC*, 86 F.3d 242, 247 (D.C. Cir. 1996) (internal quotation marks and citation omitted).

### II.    The SBA's Decision is Arbitrary and Capricious

#### a. The SBA Treated Escape Room Disparately from Similarly Situated Applicants

"It is axiomatic that an agency must treat similar cases in a similar manner unless it can provide a legitimate reason for failing to do so." *Kreis v. Sec'y of Air Force*, 406 F.3d 684, 687 (D.C. Cir. 2005) (internal quotation marks and citation omitted); *accord*, *e.g.*, *Burlington N. &Santa Fe Ry. Co. v. Surface Transp. Bd.*, 403 F.3d 771, 776 (D.C. Cir. 2005). Disparate treatment of similarly situated individuals is arbitrary and capricious in violation of the Administrative Procedure Act. *See Bracco Diagnostics, Inc. v. Shalala*, 963 F.Supp. 20, 27–28 (D.D.C.1997) ("[i]f

---

[6] The SBA awarded $225,311 to Locurio LLC. Locurio LLC provides "THE PREMIER ESCAPE ROOM IN SEATTLE." https://www.locurio.com/ (last visited September 6, 2022).

an agency treats similarly situated parties differently, its action is arbitrary and capricious in violation of the APA."); *Etelson v. Office of Pers. Mgmt.*, 684 F.2d 918, 926 (D.C.Cir.1982) ("[g]overnment is at its most arbitrary when it treats similarly situated people differently."); *Doubleday Broad. Co. v. FCC*, 655 F.2d 417, 423 (D.C.Cir.1981) ("by 'deciding a case one way today and a substantially similar case another way tomorrow,' without a reasonable explanation, the commission has acted arbitrarily and capriciously."); *Rodriguez v. U.S. Dep't of Homeland Sec.*, No. 13-22771-CIV, 2014 WL 1404704, at *2 (S.D. Fla. Apr. 10, 2014) (stating that disparate treatment of those similarly situated would render agency's actions arbitrary and capricious).

The SBA violated this fundamental rule of administrative law by awarding SVOG funds to multiple entities that, like Escape Room North, provide escape room experiences. According to The Recipients of the Shuttered Venue Operators Grant dataset maintained by the SBA, five other escape rooms received SVOG awards. (Exhibit A) (excerpts from U.S. Small Business Administration dataset providing the Recipients of the Shuttered Venue Operators Grant dataset found at https://data.sba.gov/dataset/svog). Although APA review is generally limited to information that was before the agency, the APA's "failure to examine all relevant factors" is an "accepted exception[]" to the rule. *IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997). Indeed, a court may consider extra-record evidence regarding similarly situated entities where the evidence is needed to determine whether similarly situated entities were treated disparately. *See Autotel v. Bureau of Land Mgmt.*, 2015 WL 5708432, at *3 (D. Nev. Sept. 28, 2015) (permitting supplementation of administrative record where files were in fact "necessary to a determination of (1) whether the users identified [] were in fact similarly situated to [petitioner] and, if so, (2) whether the BLM treated those users similarly to [petitioner].").

Cine Escapes LLC, Escape Artistry LLC, Fever Dreams LLC DBA Olde City Escape

Games, Locurio LLC and Fever Dreams LLC DBA are each escape room providers that received SVOG awards. (Exhibit A.) Specifically, the SBA awarded $78,488 to Cine Escapes LLC, an escape room operator located in Oregon. *Id*. at 1. The SBA awarded $54,133 and $89,407 to Escape Artistry LLC and Escape Artistry II, escape room operators located in Illinois. *Id at 2*. The SBA awarded $59,535 to Fever Dreams LLC DBA Olde City Escape Games, an escape room operator in Pennsylvania. *Id*. at 3. The SBA awarded $225,311 to Locurio LLC, an escape room provider in Washington. *Id*. at 4. The SBA also awarded $46,739 to Two Trees Escape, an escape room operator located in California. *Id*. at 5. The SBA's October 15, 2021 decision does not explain why the agency denied Escape Room North's SVOG application but granted the SVOG applications of the other companies that provide an escape room experience. The SBA thus failed its duty under the APA to provide a "legitimate reason" for treating Escape Room North differently from similarly situated entities.

### b. Because The Escape Room North Demonstrated Eligibility for a SVOG Award, the SBA's Denial is not Supported by Substantial Evidence

The Escape Room North demonstrated that as an escape room that sells tickets for its performances, it is eligible for a SVOG award as a live performing arts organization. As applicable here, the principal business activity requirement specifies that to be eligible as a live performing arts organization operator, an individual or entity:

> (I) that, as a principal business activity, organized, promotes, promotes, produces, manages, or hosts live concerts, comedy shows, theatrical productions, or other events by performing artists for which—
> (aa) a cover charge through ticketing or front door entrance fee is applied; and
> (bb) performers are paid in an amount that is based on a percentage of sales, a guarantee (in writing or standard contract), or another mutually beneficial formal agreement; and
> (II) for which not less than 70 percent of the earned revenue or entity is generated through, to the extend related to a live event described in subclause (I), cover charges or ticket sales, production fees or production reimbursements, nonprofit educational initiatives, or the sale of event beverages, food, or merchandise.

15 U.S.C. § 9009a(3)(A)(i).

The SBA concluded that Escape Room North did not pass the principal business activity requirement based on its determination that Escape Room North did not employ performers,[7] which necessarily led to the conclusion that Escape Room North failed to demonstrate that at least 70% of its earned revenue is generated from ticket sales for a live performance. However, the SBA's conclusion was based on the mistaken premise that the Adventure Guides are not performers.

As detailed in Escape Room North's application, Escape Room North employs Adventure Guides that have the responsibility of getting into character repeatedly to offer customers the illusion of being somewhere else. Dkt. 27-3, AR00514-00519. The SBA conceded that the adventure guides' described responsibilities suggest they are artistic performers for the purposes of the SVOG,[8] but nonetheless concluded that Adventure Guides are not artistic performers because none of the job duties listed in the job description for an Adventure Guide require them to engage in acts or performances for an audience. *Id.* at AR00575. As an initial matter, the SBA's reliance on the job description entirely ignores the supplemental information provided in the appeal that the SBA believed suggested Adventure Guides are artistic performers for the purposes of the SVOG. *Id*. at AR00574. Moreover, the SBA wrongly determined that none of the duties listed in the job description requires an Adventure Guide to engage in acts or performances for an audience as the Adventure Guides are required to "guide and interact with guests throughout their escape room adventure," and "assist [their] group to find clues, solve puzzles, and discover keys and combinations to escape from the room in sixty minutes before their time is up." *Id*. at AR00514.

Because Escape Room North employs performers that host live events, Escape Room

---

[7] Dkt. 27-3, AR00573-00575.
[8] *Id*. at AR00574 (stating "[T]hese statements appear to suggest that the employee guides should be considered as artistic performers for purposes of the SVOG program . . ..").

7

North satisfies the acts principal business activity requirement. 15 U.S.C. § 9009a(3)(A)(i). The SBA's conclusion that Escape Room North is not an eligible entity is therefore contrary to law and not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in favor of Escape Room North declare invalid and set aside the Escape Room North's denial of Escape Room North's SVOG award application, and direct the SBA to reconsider the application consistent with the APA and the Economic Aid Act.

Respectfully Submitted:

HEWITT LAW & MEDIATION, LLC

/s/ Michele L. Lorbieski
Brian C. Hewitt (#8341-49)
Michele L. Lorbieski (#28923-49)

*Counsel for The Escape Room North LLC*

HEWITT LAW & MEDIATION, LLC
255 N Alabama Street #300
Indianapolis, IN 46204
Telephone:   (317) 922-2822
Facsimile:    (317) 922-2845
Email:         mlorbieski@hewittlm.com
                  bhewitt@hewittlm.com

CERTIFICATE OF SERVICE

      Undersigned counsel certifies that, on September 13, 2022, the foregoing was e-filed using the Court's CM/ECF system and has been served contemporaneously on the following through e-service using the CM/ECF:

Gina M. Shields
Assistant U.S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Gina.Shields@usdoj.gov

                                                /s/Michele L. Lorbieski
                                                Michele L. Lorbieski

HEWITT LAW & MEDIATION, LLC
255 N Alabama Street #300
Indianapolis, IN 46204
Telephone:    (317) 922-2822
Facsimile:     (317) 922-2845
Email:         mlorbieski@hewittlm.com
                  bhewitt@hewittlm.com

*Counsel for The Escape Room North LLC*